IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOSEPH L. WILDMAN, | ) | CIVIL NO. 16-00332 HG-KSC |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT IN |
| vs. | ) | PART AND DENY IN PART |
| | ) | PLAINTIFF'S MOTION TO |
| MATTHEW WOLF; EMPIRE FIRE | ) | REMAND CASE TO FIRST |
| AND MARINE INSURANCE | ) | CIRCUIT COURT, STATE OF |
| COMPANY, | ) | HAWAII AND FOR ATTORNEY'S |
| | ) | FEES AND COSTS |
| Defendants. | ) | |
| ——————————————— | ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART
AND DENY IN PART PLAINTIFF'S MOTION TO REMAND
CASE TO FIRST CIRCUIT COURT, STATE OF HAWAII
AND FOR ATTORNEY'S FEES AND COSTS

Before the Court is Plaintiff Joseph Wildman's ("Plaintiff") Motion to Remand Case to First Circuit Court, State of Hawaii and for Attorney's Fees and Costs ("Motion"), filed July 7, 2016.  Defendant Empire Fire and Marine Insurance Company ("Defendant") filed an Opposition on August 10, 2016.  Plaintiff filed a Reply on August 12, 2016.

The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii ("Local Rules").

After careful consideration of the parties' submissions and the applicable law, the Court HEREBY RECOMMENDS that the Motion be GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

## BACKGROUND

Plaintiff filed his Complaint on June 1, 2016, in the Circuit Court of the First Circuit, State of Hawaii.  Plaintiff alleges negligence, defamation, libel per se, and reputational harm.  He prays for general, special, and punitive damages in an amount to be proven at trial.

On June 22, 2016, Defendant removed the action to this Court.  The present Motion followed.

## DISCUSSION

Defendant removed the instant case pursuant to 28 U.S.C. §§ 1441 and 1332.  Notice of Removal ("Notice") at ¶ 5.  Section 1441 provides, in pertinent part:

> (a) Generally.--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be

2

removed by the defendant or the
defendants, to the district court of the
United States for the district and
division embracing the place where such
action is pending.

(b) Removal based on diversity of
citizenship.--(1) In determining whether a
civil action is removable on the basis of
the jurisdiction under section 1332(a) of
this title, the citizenship of defendants
sued under fictitious names shall be
disregarded.

(2) A civil action otherwise removable
solely on the basis of the jurisdiction
under section 1332(a) of this title may
not be removed if any of the parties in
interest properly joined and served as
defendants is a citizen of the State in
which such action is brought.

28 U.S.C. § 1441 (a), (b).  Section 1441 is strictly

construed against removal and courts resolve any doubts

about the propriety of removal in favor of remanding

the case to state court.  See Durham v. Lockheed Martin

Corp., 445 F.3d 1247, 1252 (9th Cir. 2006).  The party

seeking to remove the case bears the burden of

establishing the existence of federal jurisdiction.

See California ex rel. Lockyer v. Dynegy, Inc., 375

F.3d 831, 838 (9th Cir. 2004), cert. denied, 544 U.S.

974 (2005).  "[J]urisdiction must be analyzed on the

3

basis of the pleadings filed at the time of removal without reference to subsequent amendments." Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998); Spencer v. United States Dist. Court for the N. Dist. of Cal., 393 F.3d 867, 871 (9th Cir. 2004) ("Challenges to removal jurisdiction require an inquiry into the circumstances at the time the notice of removal is filed.").

A.   Diversity of Citizenship

Defendant removed the case based on diversity jurisdiction because it is a Nebraska corporation with its principal place of business in Illinois, Defendant Matthew Wolf is a citizen of Nebraska, Plaintiff is a citizen of Hawaii, and the amount in controversy exceeds $75,000.  Notice at ¶¶ 3-4.  Plaintiff contends that Defendant has not met its burden of establishing that the amount in controversy exceeds $75,000. Plaintiff has offered to stipulate that he does not seek and will not recover damages in excess of $74,999.

Federal district courts have original jurisdiction over cases where the amount in controversy

4

exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states.  28 U.S.C. § 1332(a)(1).  A defendant may remove such an action to federal court provided that no defendant is a citizen of the same state in which the action was brought.  See 28 U.S.C. § 1441(b). Currently at issue is whether the amount in controversy exceeds $75,000.

   1.   Citizenship

        The parties do not dispute the complete diversity of the parties and it appears, based on the Notice, that Plaintiff and Defendants are citizens of different states, and Defendants are not citizens of the State of Hawaii.

   2.   Amount in Controversy

        Plaintiff disputes Defendant's contention that the amount in controversy exceeds $75,000.  To start, the Court considers "whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy."  Lowdermilk v. U.S. Bank Nat'l Ass'n, 479

F.3d 994, 998 (9th Cir. 2007) (quotations and citations
omitted).  When "it is not facially evident from the
complaint that more than $75,000 is in controversy," a
defendant must prove, by a preponderance of the
evidence, that the amount in controversy exceeds
$75,000.  Matheson v. Progressive Specialty Ins. Co.,
319 F.3d 1089, 1090 (9th Cir. 2003).  In other words, a
defendant must prove that it is "more likely than not"
that the amount in controversy exceeds $75,000.
Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404
(9th Cir. 1996).  This "burden is not 'daunting,' as
courts recognize that under this standard, a removing
defendant is not obligated to 'research, state, and
prove the plaintiff's claims for damages.'"  Korn v.
Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1204-05
(E.D. Cal. 2008) (quoting McCraw v. Lyons, 863 F. Supp.
430, 434 (W.D. Ky. 1994)).

By contrast, when a state court complaint
affirmatively alleges that the amount in controversy is
less than the jurisdictional threshold, the party

seeking removal must prove with legal certainty that the amount in controversy exceeds the jurisdictional threshold.  Lowdermilk, 479 F.3d at 998-99;[1] Guglielmino v. McKee Foods Corp., 506 F.3d 696, 698 (9th Cir. 2007).  The Ninth Circuit endorses "the Fifth Circuit's practice of considering facts presented in the removal petition as well as any 'summary-judgement-type evidence relevant to the amount in controversy at the time of removal.'"  Matheson, 319 F.3d at 1090; Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005).  Conclusory allegations regarding the amount in controversy are insufficient.  Matheson, 319 F.3d at 1090-91.

When assessing "the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the

---

[1]  Although Lowdermilk v. U.S. Bank National Association involves the Class Action Fairness Act, its application is not limited to class actions.  Roe v. Teletech Customer Care Mgmt, LLC, No. C07-5149 RBL, 2007 WL 1655172, at *1, *3 n.1 (W.D. Wash. June 6, 2007); Sylvester v. Menu Foods, Inc., Civ. No. 07-00409 ACK-KSC, 2007 WL 4291024, at *4 (D. Haw. Dec. 5, 2007).

plaintiff on all claims made in the complaint." <u>Korn</u>,
536 F. Supp. 2d at 1205 (citing <u>Kenneth Rothschild</u>
<u>Trust v. Morgan Stanley Dean Witter</u>, 199 F. Supp. 2d
993, 1001 (C.D. Cal. 2002)).  It is the amount placed
"in controversy" by a plaintiff's complaint that is the
ultimate inquiry, not what a defendant will actually
owe.  <u>Id.</u> (citing <u>Rippee v. Boston Market Corp.</u>, 408 F.
Supp. 2d 982, 986 (S.D. Cal. 2005)).

Here, the Complaint does not seek a specific
amount of damages.  Plaintiff requests general,
special, and punitive damages, as well as attorneys'
fees and costs.  Notice, Ex. A.  Therefore, Defendant
must prove, by a preponderance of the evidence, that
the amount in controversy exceeds $75,000.
<u>Guglielmino</u>, 506 F.3d at 701.

Defendant has failed to prove that it is more
likely than not that the amount in controversy exceeds
$75,000.  The only evidence offered by Defendant is the
conclusory allegation in its Notice of Removal that
"the amount in controversy exceeds $75,000.00,

exclusive of interests and costs." Notice at ¶ 5.
This allegation is insufficient to carry Defendant's
burden.[2]   Absent a sufficient showing that the amount in
controversy exceeds $75,000, the Court finds that
jurisdiction is lacking.  Because any doubts about the
propriety of removal must be resolved in favor of
remanding the case to state court, the Court recommends
that the district court remand the case to the First
Circuit Court.

This recommendation is further bolstered by
Plaintiff's willingness to stipulate to seek and/or
recover damages that do not exceed $74,999.  Defendant
argues that Plaintiff's post-removal offer neither

_____

[2]   Defendant cites Engle v. Liberty Mutual Fire
Insurance Co., 402 F. Supp. 2d 1157, 1160 (D. Haw.
2005), to support a finding that the amount in
controversy is satisfied, but Engle is distinguishable.
Most notably, it involved the granting of a motion for
partial judgment on the pleadings and a motion for
partial summary judgment.  Thus, while the court relied
on the preponderance of the evidence standard related
to the amount in controversy, remand principles were
not at issue, such as § 1441's strict construction
against removal and the resolution of any doubts about
the propriety of removal in favor of remand to state
court.

changes the amount in controversy at the time of removal nor establishes that Plaintiff was actually seeking less than $75,000, exclusive of interest and costs, at any time before the action was removed. Although Defendant is correct that the relevant inquiry is the amount in controversy at the time of removal, cases can be and have been remanded after a plaintiff disclaims damages in excess of $75,000.[3]

In Lovell v. State Farm Insurance Cos., Civil No. 12-00455 JMS/BMK, 2013 WL 210106, at *2 (D. Haw. Jan. 17, 2013), for example, the district court adopted the findings and recommendation to remand because the plaintiffs represented that they would not seek a total recovery of more than $74,999.  The district court reasoned that 1) great deference is given to counsel's representations about the amount in controversy because they are officers of the court and subject to Rule 11 sanctions; 2) the plaintiffs would be precluded from

---

[3]  Measuring the amount in controversy at the time of removal does not change the outcome here, as there is no evidence that the amount in controversy exceeded $75,000 at the time of removal.

10

seeking a greater award under the doctrine of judicial estoppel; and 3) the defendant failed to rebut the plaintiffs' representation as to the amount in controversy and failed to establish that the amount in controversy exceeded $75,000.  <u>Id.</u>

Defendant contends that <u>Lovell</u> is contrary to <u>Haskell v. State Farm Mutual Automobile Insurance Co.</u>, 187 F. Supp. 2d 1241 (D. Haw. 2002), because <u>Lovell</u> considered a post-removal representation.  The Court disagrees.  <u>Haskell</u> is distinguishable, it does not stand for the proposition that a court may never consider a plaintiff's post-removal representation that he or she will not seek more than $74,999.  Under the specific facts and circumstances presented in <u>Haskell</u>, the court concluded that the amount in controversy exceeded $75,000.  There, the plaintiff was seeking reconsideration of the denial of his summary judgment motion.  <u>Id.</u> at 1248.  The plaintiff argued lack of subject matter jurisdiction only after obtaining an adverse ruling on his summary judgment motion.  <u>Id.</u>

11

The court found that the defendant proved by a
preponderance of the evidence that more than $75,000
was at issue at the time of removal due to the
insurance coverage sought by the plaintiff under the
relevant insurance policies.  Id. at 1249.
Significantly, the court noted that "[p]resumably, had
[the plaintiff] honestly intended to limit himself to
less than the jurisdictional amount, he would have
promptly moved for a remand, instead of raising and
opposing summary judgment arguments on their merits . .
. .  It appears that [the plaintiff] is only now
contesting the amount in controversy because summary
judgment was granted against him."  Id. at 1249 n.7.

          Here, by contrast, Defendant has not provided
any evidence to support a finding that the amount in
controversy exceeds $75,000.  Moreover, Plaintiff
promptly advised Defendants of his willingness to
stipulate that he would not seek more than $74,999 in
damages, exclusive of interest and costs.  He filed the
present Motion shortly thereafter.  Accordingly, remand

is appropriate.

B.  <u>Attorneys' Fees</u>

Plaintiff requests attorneys' fees and costs totaling at least $625 pursuant to 28 U.S.C. § 1447(c). When a federal court remands a case, it "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The Supreme Court has stated that:  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005) (citations omitted).  The district court retains discretion to determine whether a given case presents unusual circumstances that warrant a departure from this rule.  <u>Id.</u>  The <u>Martin</u> Court also instructed that

> [t]he appropriate test for awarding fees
> under § 1447(c) should recognize the
> desire to deter removals sought for the
> purpose of prolonging litigation and

13

> imposing costs on the opposing party,
> while not undermining Congress' basic
> decision to afford defendants a right to
> remove as a general matter, when the
> statutory criteria are satisfied.

Id.

After a careful review of the record and the applicable law, the Court finds that Plaintiff is not entitled to an award of attorneys' fees and costs under § 1447(c) because Defendant had an objectively reasonable basis for seeking removal.  Although Defendant failed to ultimately demonstrate that the amount in controversy exceeds $75,000, §§ 1332 and 1441 provided a basis for removal; that is, the relevant case law did not clearly foreclose removal.[4]  The Court therefore declines to award removal-related expenses and recommends that the district court deny Plaintiff's request for fees and costs incurred in securing remand of this case.

_____

[4]  Had Defendant accepted Plaintiff's stipulation regarding damages, however, the parties could avoided the additional expenses and time that were incurred as a result of this Motion.

14

CONCLUSION

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's Motion to Remand Case to First Circuit Court, State of Hawaii and for Attorney's Fees and Costs, filed July 7, 2016, be GRANTED IN PART AND DENIED IN PART, and that the action be remanded to the Circuit Court of the First Circuit, State of Hawaii.  The August 31, 2016 hearing on the Motion is HEREBY VACATED.

IT IS SO FOUND AND RECOMMENDED.

DATED:   Honolulu, Hawaii, August 24, 2016.



_____
Kevin S.C. Chang
United States Magistrate Judge


CV 16-00332 HG-KSC; WILDMAN V. WOLF, ET AL.; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION TO REMAND CASE TO FIRST CIRCUIT COURT, STATE OF HAWAII AND FOR ATTORNEY'S FEES AND COSTS